EMERSON v. SHAW.                    { Aug. 10, 1876.

*Amendment—Married woman.*

57 | 223
70 | 336

A married woman sued in trespass, joining with her as co-plaintiff one who was not, in fact, her husband. She was allowed to amend by striking out his name. *Held,* that the amendment was properly allowed.

Whether she can maintain her action as amended depends upon whether her husband is an alien or citizen of another state, and whether she has resided in this state six months successively. Gen. Stats., ch. 164, sec. 5.

FROM MERRIMACK CIRCUIT COURT.

TRESPASS for an assault upon one of the plaintiffs, who is described in the writ and declaration as the wife of Alfred E. Emerson, the other plaintiff, when, in fact, she is not the wife of said Alfred, but is the wife of George W. Pillsbury, and was such at the time of the alleged assault.

On motion of counsel for the plaintiffs, leave was granted to amend the writ and declaration by striking out the name of Alfred E. Emerson.

To this order the defendant excepted.

Transferred by FOSTER, C. J., C. C.

*Barnard,* for the plaintiff.

*Pike & Blodgett,* for the defendant.

SMITH, J. The statute of 1872 (ch. 39) permits the writ to be amended by striking out the name of any plaintiff before the evidence is closed or the case submitted. The amendment, therefore, in this case was properly allowed ; but whether the plaintiff can maintain her action as sole plaintiff depends upon whether she comes within the provisions of Gen. Stats., ch. 164, sec. 5, which provide that a married woman may sue and be sued in her own name for any cause of action accruing during her separate residence, if she is the wife of an alien, or of a citizen of another state, and has resided here six months successively ; and, if necessary, when she amends she may so describe herself. Whether her husband is an alien, or resides out of the state, and whether she has resided in the state six months successively, are facts to be established on the trial of this action, and no question arising from such a state of facts is now before this court.

CUSHING, C. J. If this amendment is made, the female plaintiff will not appear upon the writ as a married woman. If the defendant pleads in abatement the coverture, the plaintiff may reply any facts which entitle her to sue alone ; or she may, as I suppose, when she amends,

describe herself as a married woman, and set out the facts by virtue of which she is entitled to sue alone.

There are two classes of statutes regarding the rights of married women. One of those classes consists of those statutes which affect the person of the married woman, and enable her to do, independently of her husband, what she otherwise could not do. The other class consists of those statutes which impress upon the property of married women the quality of being subject to her sole contracts.

The present action, seeking damages for personal injuries, must be determined by the class first above mentioned. I do not now remember any statute at present in force excepting those referred to by my brother SMITH. I think the amendment should be permitted.

LADD, J., concurred.

*Exceptions overruled.*